1 | ISMAIL J. RAMSEY (CABN 189820)
  | United States Attorney
2 |
3 | THOMAS A. COLTHURST (CABN 99493)
  | Chief, Criminal Division
4 | ROBERT DAVID REES (CABN 229441)
  | Assistant United States Attorney
5 |
6 | 1301 Clay Street, Suite 340S
  | Oakland, California 94612
  | Telephone: (510) 637-3680
7 | FAX: (510) 637-3724
  | Email: robert.rees@usdoj.gov
8 |
  | Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 23-198 HSG |
|---|---|
| Plaintiff, | ) |
| v. | ) **DETENTION ORDER (as modified)** |
| OMAR WILLIAMS, | ) |
| Defendant. | ) |

On June 29, 2023, the defendant, Omar Williams, was charged via Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o). Dkt. 1.

This matter came before the Court for a detention hearing on September 12, 2023. The defendant was present and represented by Karen McConville, Esq. Assistant United States Attorney Robert David Rees appeared for the government. At the hearing, Pretrial Services submitted a bail report recommending that the defendant be detained as a danger to the community (Dkt. 9), and each counsel submitted proffers and arguments regarding detention.

Pretrial detention is warranted when the court determines there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, or there is clear and

convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  18 U.S.C. § 3142(e) & (f)(2).  Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Accordingly, the defendant is detained pending trial in this matter.

The present order supplements the Court's findings and order at the September 12, 2023 detention hearing and serves as written findings of fact and a statement of reasons.  As noted on the record, the Court makes the following findings as the bases for its conclusion.

The history and characteristics of the defendant establish that he is a danger to the community.  § 3142(g)(3).  The defendant has a long history of criminal behavior, starting with numerous arrests as a juvenile between 1999 and 2004.  By 2008, the defendant had been charged in this district with a narcotics distribution offense, to which he pled guilty.  While on supervised release for that matter, the defendant was charged in this district again in 2012 with a narcotics distribution offense, along with being a felon in possession of a firearm, and he also pled guilty to those two offenses.  This same incident amounted to a violation of his supervised release in the earlier case.  He received a sentence of 36 months for his first federal conviction and an overall sentence of 60 months for the second, including the revocation of his supervised release from the first conviction.  The defendant was alleged to have violated the terms of his supervised release after serving the second sentence at least twice, in 2018 and 2019.  He is now charged once again in federal court with firearm offenses, indicating that prior federal convictions and supervision have not been sufficient to deter his criminal conduct or mitigate the danger he poses.

The nature and seriousness of the danger posed to any person or the community by the defendant also establishes that he is a danger to the community.  § 3142(g)(4).  The defendant is an alleged associate of a criminal gang, evidenced in part by a gang-related tattoo.  His incomplete employment history and unclear residential history further suggest he may be associating with persons engaged in criminal behavior, as a 2019 supervised release violation allegation asserted.  Pretrial Services' report indicates that he has run from the police on three separate occasions, including in the instant case, indicating that he may maintain a criminal lifestyle or mindset.

The nature and circumstances of the offense also weigh in favor of detention. § 3142(g)(1). The defendant is alleged to have possessed a firearm as a convicted felon, a crime he has pled guilty to in federal court in the past. That firearm is alleged to be a machinegun, a particularly dangerous type of firearm. Additionally, the government proffered that he struck another vehicle while fleeing during the incident in question, and that it occurred in the context of a gang-related police operation.

Accordingly, there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This finding is made without prejudice to the defendant's right to seek review of his detention or file a motion to re-open the detention hearing if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 25, 2023

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge